IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICKY EASON,                                        CASE NO.:

    Plaintiff,

vs.

COVINGTON CREDIT,                           DEMAND FOR JURY TRIAL

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, RICKY EASON (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, COVINGTON CREDIT, (hereafter "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

1

## JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction and 47 U.S.C. § 227(b)(3).

2. This Court's jurisdiction over the FDCPA claim arises under 28 U.S.C. § 1367.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. Pursuant to LR 3.1B(3), NDGa, venue is proper in the ATLANTA Division because the conduct complained of herein occurred in Dekalb County, which is in the ATLANTA Division.

## PARTIES

6. Plaintiff is a natural person who resides in Dekalb County, Georgia.

7. Defendant, Covington Credit, is a domestic profit corporation as registered to do business in the State of Georgia. Defendant's Registered Agent is CT Corporation and is located at 1201 Peachtree Street NE, Atlanta, GA 30361.

8. Defendant is a "Debt Collector," as defined by the FDCPA, 15 U.S.C.

§ 1692a(6), and does business throughout the state of Georgia, including Dekalb County.

9. Defendant is a "person" subject to regulations under 47 U.S.C. § 227(b)(1).

10. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Dekalb, Georgia, by the Defendant's placing of telephone calls to Plaintiff cellular telephone in an attempt to collect a debt.

11. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## FACTUAL ALLEGATIONS

12. Defendant at all material times, was attempting to collect a debt relating to a Covington Credit personal loan, Account No. ending in –6864.

13. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

14. On September 23, 2016, Plaintiff received a phone call from Defendant to collect a debt. During the telephone call, Plaintiff advised Defendant to stop calling his cellular telephone.

15. Plaintiff revoked any prior express consent to contact Plaintiff via cell

phone or any other form of communication on September 23, 2016, when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

16. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

17. Plaintiff is the regular user and carrier of the cellular telephone number ending in -0796 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

18. At all times relevant to this complaint, Defendant used, controlled, and/or operated an automatic telephone dialing system or used an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

19. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

20. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to four (4) times per day from September 23, 2016 through the filing of this complaint.

21. The Defendant used phone number, 404-297-0282, and may have used additional phone numbers to call Plaintiff's cellular telephone.

22. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

23. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

24. Plaintiff did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

25. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

26. Plaintiff did not speak with a live representative during some of the phone calls because they were made by Defendant using an artificial or pre-recorded voice.

27. Plaintiff did not initiate any communications.

28. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

29. Once Defendant knew that Plaintiff did not wish to be called, there

was no purpose for placing additional calls to Plaintiff's cellular telephone other than to annoy, abuse, or otherwise harass Plaintiff.

30. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

31. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

32. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

33. Plaintiff incorporates all allegations in paragraphs 1-32 as if stated fully herein.

34. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

35. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

36. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

37. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant knew that it did not have Plaintiff's consent to call Plaintiff's cellular telephone.

38. Defendant is also well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, RICKY EASON, demands judgment against Defendant, COVINGTON CREDIT, for the following relief:

    a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

    b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

37. Plaintiff incorporates all allegations in paragraphs 1-32 as if stated fully herein.

38. Defendant violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

39. Specifically, Defendant caused Plaintiff's cellular telephone to ring repeatedly or continuously after it knew that it did not have consent to contact Plaintiff via cellular telephone.

40. Defendant's acts, as described above, were done intentionally with the purpose of annoying, abusing, or harassing Plaintiff.

**WHEREFORE**, Plaintiff, RICKY EASON, demands judgment against Defendant, COVINGTON CREDIT, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

    c. in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    d. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE GFBPA, O.C.G.A. § 10-1-393(a)

41. Plaintiff incorporates by reference paragraphs 1-32 as though fully stated herein.

42. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

43. Defendant violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-393.

44. It was an unfair business practice for Defendant to continue to contact Plaintiff via cellular telephone after Plaintiff requested that Defendant cease any and all contact via cellular telephone.

45. Defendant's actions have interfered with Plaintiff's daily life in a manner that Plaintiff did not invite, disclaimed, and could not reasonably escape.

46. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

47. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and are done on a wide scale.

48. Defendant's conduct amounts to an unfair business practice.

49. Defendant's conduct has implications for the consuming public in

general and potential negative impact on the consumer marketplace.

50. Defendant was provided Notice and Demand of this action pursuant to O.C.G.A. § 10-1-399(b) prior to the filing of this action.

51. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

52. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

53. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

54. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

55. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff, RICKY EASON, demands judgment against Defendant, COVINGTON CREDIT, for the following relief:

    a. General, exemplary, and treble damages pursuant to O.C.G.A.

§§ 10-1-399(a) & (c);

      b.    Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

      c.    any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: May 19, 2017        **Taulbee Rushing Snipes Marsh & Hodgin, LLC**

                                /s/ Wesley C. Taulbee
                                **Wesley C. Taulbee, Esq.**
GA Bar No.: 368972
Service Email:
CPGA@protectyourfuture.com
wtaulbee@statesborolawgroup.com
12 Siebald Street
Statesboro, GA 30458
Phone: (912) 764-9055
Fax: (912) 764-8687
**Attorney for Plaintiff**

11