IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY EASON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COVINGTON CREDIT, )<br>)<br>Defendant. )<br>） | CIVIL ACTION NO.<br><br>1:17-cv-01830-WSD-CMS |

**DEFENDANT COVINGTON CREDIT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

Defendant identified in the Complaint as Covington Credit ("Covington"), files this Reply Memorandum of Law in support of its Motion for Partial Dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), stating as follows:

Plaintiff's Response fails to address, let alone acknowledge this Court's holding in Kinzy v. Wells Fargo, No. 1:13-cv-357-CAP, 2013 WL 12068984 (N.D. Ga. Nov. 4, 2013). This is particularly interesting since the very arguments advanced by Plaintiff to save his Georgia Fair Business Practices Act ("FBPA") in this case were raised, and rejected in Kinzy. This Court's holding in Kinzy is dispositive, and mandates dismissal of Plaintiff's FBPA claim.

In <u>Kinzy</u>, the plaintiff filed suit against the defendant contending that the defendant called his cellular telephone hundreds of times, often multiple times per day in an attempt to collect debt even though he informed the defendant on multiple occasions that he had made all required payments. <u>Kinzy</u>, 2013 WL 12068984, at *1. The defendant moved to dismiss the plaintiff's FBPA claim, arguing that "the alleged conduct—harassing calls to a cellular telephone—is sufficiently regulated under the TCPA." <u>Kinzy</u>, 2013 WL 12068984, at *2.

The plaintiff made two arguments in opposition to the Motion: (1) Courts have determined that robocalls can form the basis of FDCPA claims, and a violation of the FDCPA is an unfair or deceptive practice under the FBPA; and (2) The defendant's alleged conduct was not sufficiently regulated by the TCPA. <u>Id.</u>

> \*       ***<u>Kinzy</u> Confirms that Covington's Alleged Debt Collection Activity Does Not Support an FBPA Claim.***

In <u>Kinzy</u>, this Court rejected the argument that conduct that could violate the FDCPA, though a defendant is not subject to the Act, supports a FBPA claim stating:

> As to Kinzy's first argument, he has not alleged a violation of the FDCPA and admits that Wells Fargo is not a debt collector under the FDCPA because it is a creditor. Nevertheless, Kinzy's argument is that because the alleged conduct would violate the FDCPA, and conduct that would violate the FDCPA constitutes an unfair and deceptive act or practice under the FBPA, the court should allow his claim under the FBPA, despite the fact that a claim under the FDCPA would not

survive against this defendant. In other words, Kinzy wants the court to use conduct that can violate the FDCPA as the hook to demonstrate a violation of the FBPA, even though the particular defendant here does not fall under the purview of the FDCPA [. . .] Here, the court refuses to follow Kinzy's argument and allow an FBPA claim premised on a violation of the FDCPA when that claim has not and cannot be raised against this defendant. Thus, Kinzy's claim for violation of the FBPA cannot survive based solely on a hook to the inapplicable FDCPA.

Kinzy, 2013 WL 12068984, *2 (citations omitted). See also Harvin v. Nationwide Title Clearing, Civil Action File No. 1:14-CV-02130-TCB-JFK, 2014 WL 12634300, at *11 (N.D. Ga. Nov. 10, 2014); Khadija v. Fannie Mae, Civil Action File No. 1:12-CV-02519-WSD-AJB, 2012 WL 6681736, at *9 (N.D. Ga. Nov. 30, 2012).

While Plaintiff's Response does not expressly argue that conduct, which could violate the FDCPA supports an FBPA claim against a defendant not subject to the FDCPA, the effect of his argument is the same. For example, here, the conduct placed at issue is virtually identical to the conduct placed at issue in Kinzy. Plaintiff accuses Covington of "repeatedly calling Plaintiff's cell phone after Plaintiff revoked consent," "knowingly and willfully calling Plaintiff after Defendant had unequivocal notice from Plaintiff not to call Plaintiff," "calling Plaintiff repeatedly after being asked to stop calling," and "calling Plaintiff with knowledge of the potential illegality of each call to collect a debt with no purpose

but to annoy, abuse, or otherwise harass Plaintiff." (Doc. 6, p. 8). In Kinzy, the plaintiff accused the defendant of "repeatedly and intentionally robocallling Kinzy's cellular telephone, hundreds of times, often multiple times per day, though he "informed [the defendant] on multiple occasions that he had made all required payments and that [the defendant had failed to properly credit his payments.]" Kinzy, 2013 WL 12068984, at *1.

In this case, like Kinzy, Plaintiff concedes that he cannot state an FDCPA claim against Covington. (See Doc. 6, pp. 4-5; Kinzy, 2013 WL 112068984, at *2 ("[a]s to Kinzy's first argument, he has not alleged a violation of the FDCPA and admits that Wells Fargo is not a debt collector"). Thus, Kinzy compels the conclusion that conduct, which could violate the FDCPA cannot support an FBPA claim against a defendant that is not subject to the Act.

The cases Plaintiff cites in support of his argument do not change this conclusion and are distinguishable. (See Doc. 6, p. 6 (citing Garner v. Academy Collection Serv., Inc., No. Civ.A.3:04-CV-93-JTC, 2005 WL 643680, at *3 (N.D. Ga. Mar. 11, 2005); 1st Nationwide Collection Agency v. Werner, 654 S.E.2d 428 (2007)). In Garner v. Academy Collection Serv., Inc., the plaintiff alleged that defendants "misrepresent[ed] consumers' financial indebtedness to consumers and others, negligently account[ed] for or process[ed] consumers' payments on credit

card accounts, or falsely report[ed] consumers' credit histories." <u>Garner v. Academy Collection Serv., Inc.</u>, No. Civ.A.3:04-CV-93-JTC, 2005 WL 643680, at *3 (N.D. Ga. Mar. 11, 2005). Importantly, this court found that it could not "say that such practices in the robust consumer credit industry, <u>if deceptive</u>, 'could not affect the general consuming public' or 'have no potential harm to the general consuming public.'" <u>Id.</u>  (emphasis added). Plaintiff makes no allegations that Covington's conduct was deceptive. <u>See gen.</u> Compl.

In the second case, <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, the plaintiff's FBPA claim involved a violation of the FDCPA.  See <u>1st Nationwide Collection Agency, Inc. v. Werner,</u>, 654 S.E.2d 428, 431 (2007) ("So, interpreting and construing the FBPA consistently with interpretations of the Federal Trade Commission Act, the trial court correctly ruled that [defendant's] violation of the FDCPA also constituted a violation of the FBPA.").

Plaintiff fails to cite a single case where debt collection phone calls that were not deceptive and did not involve an FDCPA claim supported an FBPA claim. Here, like in <u>Kinzy</u>, Plaintiff "wants the [C]ourt to use conduct that can violate the FDCPA as the hook to demonstrate a violation of the FBPA, even though the particular defendant here does not fall under the purview of the FDCPA." <u>Kinzy</u>,

supra. This Court should, as it did before, reject such an argument and dismiss Plaintiff's FBPA claim.

### *      *Kinzy Confirms That Covington's Alleged Conduct Is Sufficiently Regulated by The TCPA.*

As noted above, here, Plaintiff accuses Covington of "repeatedly calling Plaintiff's cell phone after Plaintiff revoked consent," "knowingly and willfully calling Plaintiff after Defendant had unequivocal notice from Plaintiff not to call Plaintiff," "calling Plaintiff repeatedly after being asked to stop calling," and "calling Plaintiff with knowledge of the potential illegality of each call to collect a debt with no purpose but to annoy, abuse, or otherwise harass Plaintiff." (Doc. 6, p. 8). In Kinzy, the plaintiff accused the defendant of "repeatedly and intentionally robocallling Kinzy's cellular telephone, hundreds of times, often multiple times per day, though he "informed [the defendant] on multiple occasions that he had made all required payments and that [the defendant had failed to properly credit his payments.]" Kinzy, 2013 WL 12068984, at *1. Thus, the conduct at issue is virtually identical.

Addressing the plaintiff's argument in Kinzy's that the alleged conduct was not sufficiently regulated so as to fall outside the purview of the FBPA, this Court stated:

>The conduct at issue is robocalls to Kinzy's cellular telephone using an artificial or prerecorded voice. The TCPA specifically regulates this conduct by prohibiting automatic telephone dialing to a person's cellular telephone in the United States [. . .] Thus, the court concludes that "there is sufficient state or federal regulation of the defendant's alleged conduct so as to exempt the action from the FBPA.

Kinzy, 2013 WL 12068984, at *3. Plaintiff has made no effort to distinguish the holding in Kinzy, nor can he. For the reasons set forth in this Court's holding in Kinzy, the argument above and Covington's Motion to Dismiss, Plaintiff's FBPA claim should be dismissed.

## CONCLUSION

Defendant identified in the Complaint as Covington Credit ("Covington") respectfully requests that this Court dismiss Plaintiff Ricky Eason's claim under the Georgia Fair Business Practices Act against Covington.

Dated: July 19, 2017

                          Respectfully Submitted,


                          *s/ Joshua H. Threadcraft*
                          Joshua H. Threadcraft
                          Georgia Bar No. #119050
                          BURR & FORMAN LLP
                          420 North 20th Street
                          Suite 3400
                          Birmingham, AL  35203
                          Telephone:  (205) 251-3000
                          Facsimile:  (205) 413-8701
                          Email:      joshua.threadcraft@burr.com


                          *Attorney for Defendant identified in the Complaint as Covington Credit*

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF COMPLAINT** has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in LR 5.1.

*s/ Joshua H. Threadcraft*
Joshua H. Threadcraft
Georgia Bar No. 119050

*Attorney for Defendant identified in the Complaint as Covington Credit*

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (204) 458-5100

30078749 v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19 th day of July, 2017, I presented the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Wesley C. Taulbee, Esq.
Georgia Bar No. 368972
12 Siebald Street
Statesboro, Georgia 30458
Phone:      (912) 764-9055
Facsimile:   (912) 764-8687

*Attorney for Plaintiff Ricky Eason*

                                    *s/ Joshua H. Threadcraft*
                                    Of Counsel