IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICKY EASON,

    Plaintiff,

v.

COVINGTON CREDIT,

    Defendant.

CIVIL ACTION NO.

1:17-CV-01830-WSD-CMS

## **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Covington Credit's ("Defendant") Motion for Partial Dismissal of Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 5]. For the reasons discussed below, I **RECOMMEND** that Defendant's Motion for Partial Dismissal be **GRANTED**.

### **I.**     **FACTS ALLEGED IN THE COMPLAINT[1]**

On May 19, 2017, Plaintiff initiated this lawsuit by filing a three-count Complaint against Defendant, alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii); the Fair Debt

---

[1] This fact statement is taken from the facts alleged in Plaintiff's Complaint [Doc. 1], which are accepted as true for purposes of resolving Defendant's Motion for Partial Dismissal [Doc. 5].

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d(5); and the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-393(a). [Doc. 1 ("Compl.")].

In his Complaint, Plaintiff alleges that on September 23, 2016, he received a phone call on his cellular phone from Defendant attempting to collect a debt relating to a Covington Credit personal loan, Account No. ending in –6864. [Compl. ¶¶ 12, 14]. Plaintiff alleges that he verbally advised Defendant to stop calling his cellular phone and revoked any prior express consent to contact Plaintiff via cellular phone or any other form of communication. [Id. at ¶¶ 14-15].

Plaintiff claims that from September 23, 2016 through the filing of his Complaint on May 19, 2017, Defendant continued to call Plaintiff's cellular phone up to four times per day, despite Plaintiff's express revocation of consent to be contacted. [Compl. ¶¶ 16, 19-20, 28]. Plaintiff claims that he did not initiate any of these communications. [Id. at ¶ 27]. Plaintiff alleges that Defendant used an automatic telephone dialing system and/or artificial or pre-recorded voice to place these calls. [Id. at ¶¶ 17-18, 25-26]. Plaintiff also claims that some of the calls included delays in time before the call was transferred to a live representative, while other calls were not transferred to a live representative. [Id. at ¶¶ 23-24].

On June 14, 2017, Defendant filed the Motion for Partial Dismissal, arguing that Plaintiff's claims in Count Two for violation of the FDCPA and in Count

Three for violation of the FBPA should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Doc. 5]. Plaintiff filed an Opposition to Defendant's Motion for Partial Dismissal ("Opposition") on June 28, 2017 in which Plaintiff conceded that Count Two of his Complaint (the FDCPA claim) should be dismissed but argued that his FBPA claim in Count Three is viable.[2] [Doc. 6]. Defendant filed its reply memorandum in support of the Motion on July 19, 2017. [Doc. 10]. The Motion is now ripe for consideration.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

---

[2] Because Plaintiff concedes in his Opposition that Count Two should be dismissed because Defendant is not a "debt collector" under the FDCPA [Doc. 6 at 4-5], I recommend that Defendant's Motion for Partial Dismissal be GRANTED with respect to Count Two.

3

(quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss, the court must eliminate any allegations in the complaint that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010). Although reasonable inferences are made in a plaintiff's favor in considering a motion to dismiss, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).

### III.   DISCUSSION

In its Motion, Defendant argues that Plaintiff's FBPA claim fails because (1) Plaintiff fails to allege that Defendant's actions were "unfair or deceptive," as required by the FBPA and (2) the conduct about which Plaintiff complains is regulated by the TCPA and therefore is not actionable under the FBPA. [Doc. 5-1 at 9-13].

The FBPA provides a private right of action to a "party who suffers injury or damages as a result of '[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce[.]'" Henderson v. Gandy, 623 S.E.2d 465, 467 (Ga. 2005) (quoting O.C.G.A. § 10-1-

393). It is well settled that to state a viable claim for violation of the FBPA, a plaintiff must allege that the defendant engaged in deceptive or unfair practices that have the potential to harm the general consuming public. See Friedlander v. PDK Labs, Inc., 59 F.3d 1131, 1132 (11th Cir. 1995) (citation omitted); see also Wright v. Waterberg Big Game Hunting Lodge Otjahewita (PTY), Ltd., 767 S.E.2d 513, 516 (Ga. Ct. App. 2014) (affirming dismissal of plaintiff's FBPA claim where plaintiff failed to sufficiently allege deceptive practices by defendant); Khadija v. Fannie Mae, Civ. No. 1:12-CV-02519-WSDAJB, 2012 WL 6681736, at *9 (N.D. Ga. Nov. 30, 2012), report and recommendation adopted by 2012 WL 6677880 (N.D. Ga. Dec. 21, 2012) (finding that plaintiffs did not state a claim under the FBPA because they did not allege how defendants engaged in deceptive acts in attempting to collect a debt).

Defendant argues that Plaintiff's FBPA claim must be dismissed because the Complaint does not allege that Defendant's purported collection efforts were deceptive or unfair. [Doc. 5-1 at 12-13]. In response, Plaintiff cites to Paragraphs 15, 16, 19, 20, 28, and 29 of his Complaint. [Doc. 6 at 8]. Those allegations are that Defendant did not have consent to call Plaintiff, Defendant repeatedly called Plaintiff's cellular phone after Plaintiff revoked consent, Defendant knowingly and willfully called Plaintiff after Defendant had unequivocal notice not to call

5

Plaintiff, Defendant called Plaintiff repeatedly and up to four times per day, Defendant called Plaintiff repeatedly after being asked to stop calling, and Defendant called Plaintiff with knowledge of the potential illegality of each call to collect a debt and with no purpose but to annoy, abuse, or otherwise harass Plaintiff. [Compl. ¶¶ 15-16, 19-20, 28-29]. A review of the Complaint in this case reveals that there are no allegations of deceptive or unfair practices. While Plaintiff has certainly alleged that the calls were annoying, he has not alleged that they were also deceptive or unfair. In the absence of such allegations, Plaintiff has not stated a claim under the FBPA. On this basis, I recommend GRANTING the motion to dismiss Count Three.

Defendant also contends that the alleged conduct—harassing calls to a cellular phone—is sufficiently regulated by the TCPA, and therefore the FBPA does not apply. I agree. "The General Assembly intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that [the] FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise." Chancellor v. Gateway Lincoln-Mercury, Inc., 502 S.E.2d 799, 805 (Ga. Ct. App. 1998) (citation omitted). Thus, "[t]he relevant inquiry is 'whether there is sufficient state or federal regulation of the defendant's

alleged conduct so as to exempt the action from the FBPA.'" Kitchen v. Ameriquest Mortgage Co., Civ. No. 1:04-CV-2750-BBM, 2005 WL 6931610, at *7 (N.D. Ga. Apr. 29, 2005) (citation omitted).

The TCPA specifically regulates the precise conduct about which Plaintiff complains in his Complaint:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any <u>automatic telephone dialing system or an artificial or prerecorded voice</u>—
>
> . . .
>
> (iii) to any telephone number assigned to a paging service, <u>cellular telephone service</u>, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1) (emphases added). Here, the conduct at issue is repeated calls to Plaintiff's cellular phone using an artificial or prerecorded voice, which is specifically addressed in the above-quoted statute. It is evident that "there is sufficient state or federal regulation of the defendant's alleged conduct so as to exempt the action from the FBPA." Kitchen, 2005 WL 6931610 at *7; see also Kinzy v. Wells Fargo Bank, N.A., Civ. No. 1:13-CV-357-CAP, 2013 WL

12068984, at *2-3 (N.D. Ga. Nov. 4, 2013) (dismissing plaintiff's FBPA claim after finding that the TCPA specifically regulates conduct relating to robocalls to a cellular telephone using an artificial or prerecorded voice). Accordingly, I recommend GRANTING Defendant's motion to dismiss Count Three on this additional basis because the conduct about which Plaintiff complains is sufficiently regulated by the TCPA.[3]

## IV. CONCLUSION

For the reasons stated, I **RECOMMEND** that Defendant's Motion for Partial Dismissal of Complaint [Doc. 5] be **GRANTED** and that Counts Two and Three of Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 21st day of September, 2017.

Catherine M. Salinas
United States Magistrate Judge

---

[3] To the extent Plaintiff argues that the conduct about which he complains is not simply the robocalls, but robocalls for the purpose of collecting a debt, this argument still fails. In Kinzy v. Wells Fargo Bank, N.A., this Court refused to allow an FBPA claim premised on a violation of the FDCPA when that FDCPA claim could not be raised against the defendant. 2013 WL 12068984 at *2. Here, Plaintiff concedes that he does not have a viable FDCPA claim, and he cannot create such a claim through the backdoor via the FBPA. Id. at *2-3.