# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RICKY EASON,

        Plaintiff,

v.

COVINGTON CREDIT,

        Defendant.

1:17-cv-1830-WSD-CMS

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas' Non-Final Report and Recommendation ("Non-Final R&R") [11] on Defendant Covington Credit's ("Defendant") Motion for Partial Dismissal of Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [5] ("Motion for Partial Dismissal").

## I.    BACKGROUND

On May 19, 2017, Plaintiff Ricky Eason ("Plaintiff") filed this action asserting claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii); the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d(5); and the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-393(a).  (Complaint [1] at 1).  Plaintiff alleges that on

September 23, 2016, he received a phone call on his cellular phone from Defendant attempting to collect a debt relating to a Covington Credit personal loan. (Compl. ¶¶ 12, 14). Plaintiff alleges that at that time he verbally advised Defendant to stop calling his cellular phone and revoked any prior express consent to contact Plaintiff via cellular phone or any other form of communication. (Compl. ¶¶ 14-15).

Plaintiff claims that from September 23, 2016 through the filing of his Complaint on May 19, 2017, Defendant continued to call Plaintiff's cellular phone up to four times per day, despite Plaintiff's express revocation of consent to be contacted. (Compl. ¶¶ 16, 19-20, 28). Plaintiff argues that he did not initiate any communication, that Defendant used an automatic telephone dialing system and/or artificial or pre-recorded voice to contact him, and that some of the calls included delays in time before the call was transferred to a live representative. (Compl. ¶¶ 23-24).

On June 14, 2017, Defendant filed its Motion for Partial Dismissal, under Fed. R. Civ. P. Rule 12(b)(6), arguing that Plaintiff's claims relating to violations of the FDCPA and FBPA should be dismissed for failure to state a claim. ([5] at 1). On June 28, 2017, Plaintiff filed his Opposition to Defendant's Motion for Partial Dismissal [6] ("Response") in which he conceded that his claim for

violations of the FDCPA should be dismissed but that his claim relating to violations of the FBPA are viable.

On September 21, 2017, the Magistrate Judge issued her Non-Final R&R and recommended granting Defendant's Motion for Partial Dismissal. Plaintiff does not object to the Non-Final R&R.

## II. LEGAL STANDARD

### A. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."
Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). The Court also is not required to accept as true conclusory allegations and legal conclusions. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see also White v. Bank of America, NA,

597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).[1]

---

[1] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

4

B.  <u>Standard of Review on a Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984). Petitioner did not file objections to the R&R, and the Court thus reviews it for plain error.

### III. DISCUSSION

A.  <u>Analysis</u>

The FBPA provides a private right of action to a "party who suffers injury or damages as a result of '[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.'" <u>Henderson v. Gandy</u>, 623 S.E.2d 465, 467 (Ga. 2005) (quoting O.C.G.A. § 10-1-393); <u>Kinzy v. Wells Fargo Bank, N.A.</u>, 1:13-CV-357-CAP, 2013 WL

12068984, at *2 (N.D. Ga. Nov. 4, 2013). To state a claim for a violation of the FBPA, a plaintiff must allege that the defendant engaged in deceptive or unfair practices that have the potential to harm the general consuming public. Friedlander v. PDK Labs, Inc., 59 F.3d 1131, 1132 (11th Cir. 1995).

The Magistrate Judge found that Plaintiff's Complaint failed to sufficiently allege the requisite element of deceptive or unfair practices. ([11] at 6). The Magistrate Judge stated in her Non-Final R&R that "[w]hile Plaintiff [] certainly alleged that the calls were annoying, he [did] not allege[] that they were also deceptive or unfair." (Id.). The Magistrate Judge also held that the FBPA does not apply in this situation since the Defendant's alleged conduct—harassing calls to a cellular phone—is sufficiently regulated by the TCPA. (Id.; see also Chancellor v. Gateway Lincoln-Mercury, Inc., 502 S.E.2d 799, 805 (Ga. Ct. App. 1998) ("The General Assembly intended the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that [the] FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise.").

The Court finds no error with the findings and recommendations in the Magistrate Judge's Non-Final R&R.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas' Non-Final Report and Recommendation [11] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Dismissal of Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [5] is **GRANTED** and Plaintiff's alleged violations of the FDCPA and FBPA are **DISMISSED**.

**SO ORDERED** this 13th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE